UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04671-SEB-TAB |
| ) | |
| MATT PETERSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE
SETTLEMENT AGREEMENT, DISMISSING ACTION WITH
PREJUDICE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on the parties' dueling motions to enforce the settlement they negotiated ten months ago. For the reasons discussed in this Order, the Court grants the defendants' motion, dismisses this action, and directs the clerk to enter final judgment.

**I. Background**

Mufti Abdul El-Malik Bey Ali—known to the Indiana Department of Correction as Frances Smith—filed his complaint on November 25, 2019. Dkt. 19. Mr. Abdul alleged that the defendants retaliated against him for pursuing another lawsuit in this Court by filing a false conduct report against him, seizing his property, physically abusing him, and interfering with his religious practices. The Court screened the complaint and identified claims based on the First and Eighth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. 6. Some defendants in this action were also defendants in the predicate action underlying the retaliation claims.

In January 2020, the parties convened for a settlement conference. Magistrate Judge Dinsmore reported that the parties reached an agreement resolving all claims in this action and the

predicate action. Dkt. 12. He directed the parties to file motions to dismiss or stipulations of dismissal within 60 days. *Id.*

The defendants filed stipulations of dismissal in April and May, but they were not signed by Mr. Abdul. *See* dkts. 26, 27. In June, the defendants filed stipulations signed by Mr. Abdul, but they contained handwritten notes asserting new allegations of retaliation. Dkts. 35, 40. The parties' submissions did not make clear whether they agreed that the case had been resolved by settlement.

To resolve the matter, Magistrate Judge Baker held status conferences on August 7 and September 1. Dkts. 48, 52. Following the latter conference, Judge Baker directed the parties to file either fully executed stipulations of dismissal, proposed case management plans, or motions to enforce the settlement. Dkt. 52. All parties selected the third option.

Neither side supported its motion with a signed copy of a settlement agreement. Mr. Abdul filed an unsigned settlement agreement apparently drafted by the defendants. Dkt. 50-7. The defendants filed a copy of a memorandum recommending a settlement to the governor, and it recounts the terms set forth in Mr. Abdul's document. Dkt. 56-1. The Court therefore infers that the parties have executed the document Mr. Abdul has presented.

For his part, Mr. Abdul agreed to dismiss this action and release the defendants from liability concerning these claims. Dkt. 50-7 at ¶ 15. In exchange, the defendants agreed to:

- pay Mr. Abdul $18,000. Dkt. 50-7 at ¶ 3; dkt. 56-1 at 5.

- transfer Mr. Abdul to Miami Correctional Facility (MCF) and place him in general population housing. Dkt. 50-7 at ¶ 4; dkt. 56-1 at 5.

- permit Mr. Abdul to participate in group prayers to the extent permitted in general population housing at MCF. *Id.*

- engage in certain group prayers, religious services, and holiday observances. Dkt. 50-7 at ¶ 4(a)–(e).

- make certain religious articles and halal food and hygiene products available for purchase from the commissary. *Id.* at ¶ 6; Dkt. 56-1 at 5–6.

- allow Mr. Abdul to wear certain religious clothing in specified locations. *Id.*

- allow Mr. Abdul access to a beard trimmer. Dkt. 50-7 at ¶ 6; dkt. 56-1 at 6.

- allow Mr. Abdul to possess orthotic shoes if ordered by a doctor and cooperate in promptly facilitating the order of such orthotics. *Id.*

- provide Mr. Abdul with a Halal diet, with at least eight meals per week including Halal meat. Dkt. 50-7 at ¶ 9; dkt. 56-1 at 5.

Mr. Abdul has filed four separate motions to enforce different aspects of the settlement agreement. Dkts. 50, 53, 54, 55. He alleges that the defendants have not yet provided him with orthotic shoes; that he was denied meals on certain occasions; that he has not been provided eight meals with Halal meat every week; and that he was denied certain accommodations during Ramadan.

## II. Legal Standard

A federal court's authority over a case pending before it includes authority to enforce a settlement agreement that the parties have executed but not satisfied. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996) ("[T]he power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation"). A court must first determine as a matter of law whether an agreement exists. *Beverly v. Abbott Labs.*, 817 F.3d 328, 332 (7th Cir. 2016). The court must then determine, as a matter of discretion, whether the agreement should be enforced. *Id.*

"A settlement agreement is merely a contract between the parties to the litigation, wherein generally the defendants promise some partial remedy in exchange for the plaintiff's promise to dismiss the case and release the defendants from any future liability for their conduct that formed the basis of the dispute." *Carr*, 89 F.3d at 327. "As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law." *Id.* Indiana contract law holds that a contract is formed when one party extends an offer, the other accepts, and both

3

parties give consideration for the agreement. *E.g.*, *Ellison v. Town of Yorktown*, 47 N.E.3d 610, 617 (Ind. Ct. App. 2015). "When a court finds a contract to be clear in its terms and the intentions of the parties apparent, the court will require the parties to perform consistently with the bargain they made." *First Fed. Sav. Bank of Ind. v. Key Markets*, 559 N.E.2d 600, 604 (Ind. 1990).

"'If . . . a court can have reasonable confidence that it knows what the contract means, it ought not put the litigants (and the trier of fact) to the bother, expense, and uncertainty of a trial or other evidentiary hearing.'" *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001) (quoting *Overhauser v. United States*, 45 F.3d 1085, 1087 (7th Cir.1995)). "When a case settles, a district court typically dismisses the suit with prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction . . . ." *White v. Adams*, no. 08-2801, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009) (citing *Lynch v. Samatamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)).

### III. Analysis

The first question before the Court—whether the parties agreed to an enforceable settlement, *see Beverly*, 817 F.3d at 332—is a simple one. The parties agreed to settle the action. As his consideration, Mr. Abdul agreed to dismiss the action and release the defendants from his claims. As their consideration, the defendants agreed to pay Mr. Abdul $18,000, transfer him to MCF, grant him certain privileges, and arrange for him to receive certain dietary and medical accommodations.

The second question—whether the Court should enforce the agreement and dismiss the action, *see id.*—is only slightly more complicated. Mr. Abdul opposes dismissal on grounds that the defendants have not complied with all terms of the settlement. However, most of the terms are

promises to maintain conditions into the future. The defendants have paid Mr. Abdul the negotiated sum of $18,000.00. Dkt. 56-2. They have transferred him to MCF. If he has not yet received his orthotic shoes, then arrangements have been made for him to receive them soon. Dkts. 56-3, 56-4. The remaining terms are not capable of performance at or by one specific time; they require the defendants to perform specific actions—allowing group prayers, facilitating certain commissary orders, providing Halal meals with meat—over and over again.

The Court therefore exercises its discretion to enforce the agreement the parties negotiated. This result is dictated both by the law and the practical considerations discussed above. Mr. Abdul agreed to dismiss his claims in exchange for certain considerations. If he believes the defendants are not holding up their end of the bargain, his remedy is to litigate enforcement of the contract in a separate action—not to litigate the claims he has agreed to dismiss.

## IV. Conclusion

For the reasons discussed above, the defendants' motion to enforce the settlement agreement, dkt. [56], is **granted**.

Mr. Abdul's motions of special presentment, dkts. [50] and [53], and motions to enforce the settlement agreement, dkts. [54] and [55], are **granted** to the extent they seek relief consistent with this Order and are otherwise **denied**. Likewise, Belinda Stamper's motion to dismiss, dkt. [35], is **granted** to the extent consistent with this Order. The **clerk is directed** to **terminate** the stipulations of dismissal, dkts. [26] and [27], as pending matters on the docket. All other pending motions, if any, are **denied as moot**.

This action is **dismissed with prejudice** based on the parties' settlement agreement. The **clerk is directed** to enter **Final Judgment** consistent with this Order and the screening Entry at dkt. 6.

**IT IS SO ORDERED.**

Date: 11/10/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANCES SMITH
955755
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com